UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GAVIN THOMAS MOHAMED, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-488-GSL-JEM |
| RONALD C. HEEG, et al., | |
| Defendants. | |

OPINION AND ORDER

Gavin Thomas Mohamed, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Mohamed alleges Kenneth Keller, a fellow inmate, "touched me in a sexual way multiple times against my will" on May 5, 2024, while he slept at the LaPorte County Jail. ECF 1 at 2. After it happened, he filed multiple grievances and also informed Turn Key Officer Hawkins about the incident, who didn't take his concerns seriously. Instead, Officer Hawkins moved Inmate Keller into the cell next to Mohamed's but didn't transfer him to a different block. Mohamed then spoke with Supervisor Espanoza, who removed Inmate Keller from the area entirely. The incident left Mohamed "depressed, more traumatized, and now restless leaving [him] unable to sleep." *Id*. He asked for "mental counseling" after the incident but had to wait to get it because there was only one counselor on staff. *Id*. at 3.

Although it's not entirely clear, it appears Mohamed filed a complaint pursuant to the Prison Rape Elimination Act (PREA) at the LaPorte County Jail. When Lt. Steve Oliver investigated the matter, he was "highly aggressive" and called Mohamed a liar. It was only when he came back with a female officer as a witness that it was taken seriously. Mohamed states, "PREA is a serious matter and to be called a liar, and treated aggressive is unprofessional." *Id*. He has sued Ronald C. Heeg (the Sheriff), LaPorte County, Lieutenant Steve Oliver, and Turn Key Officer Hawkins for monetary damages.

Mohamed is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). "Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution." *Kemp v. Fulton Cty.*, 27 F.4th 491, 494 (7th

2

Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.")). The Seventh Circuit has extended the Fourteenth Amendment's objective unreasonableness test found in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) to failure to protect claims. *See id*. at 495 (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). Specifically, a pretrial detainee states a failure to protect claim when he alleges:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, *even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved*—making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 496 (emphasis added by 7th Cir.) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc)). As to the second element, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The third element "requires only that the defendant's conduct be objectively unreasonable." *Kemp*, 27 F.4th at 497. Negligence on the part of a defendant is not enough; instead, they "must intend to carry out a certain course of actions." *Id*. Overall, reasonableness "must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

3

As an initial matter, Mohamed hasn't mentioned Sheriff Heeg anywhere in the body of his complaint, and supervisor liability is insufficient to state a claim. *See e.g., Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). This is a high standard, designed to ensure that "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Similarly, as to LaPorte County, there is no *respondeat superior* liability under 42 U.S.C. § 1983, so the County cannot be held liable solely because it employed the individual officers involved. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Nor are there any allegations in the complaint to suggest Mohamed has a claim against the County under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, the claims against both Sheriff Heeg and LaPorte County will be dismissed.

This leaves Officer Hawkins and Lt. Oliver. According to Mohamed, Officer Hawkins didn't take his concerns seriously when Mohamed told him that the sexual assault had occurred on May 5, 2024.[1] However, Mohamed doesn't allege he told Officer Hawkins about his concerns at any time prior to the May 5, 2024, incident, nor

---

[1] He allegedly smirked and shrugged, although he did agree to move Inmate Keller to the cell next to Mohamed rather than letting him remain in the same cell. In any event, the unprofessional attitude of Officer Hawkins—while regrettable if true—isn't sufficient to state a constitutional claim.

4

does he allege that he was assaulted after that date. The pre-grievance requests he attaches to his complaint—which are dated from May 6th and beyond—are consistent with that analysis. *See* ECF 1-1 at 2–4. In fact, in a pre-grievance dated May 7, 2024, Mohamed states that his bunkmate "just informed" him Inmate Keller had been touching him in his sleep prior to the May 5th incident and that knowledge of that information had "highly traumatized" him. *Id*. at 3. Considering Hawkins himself wasn't aware he had been molested by Inmate Keller prior to May 5, 2024, it can't be inferred that Officer Hawkins was either. The same is true of Lt. Oliver, whom Mohamed admits was informed of and investigated the incident *after* it occurred.[2] Of note, Mohamed admits Inmate Keller was moved to a different area of the prison by Supervisor Espinoza shortly after the assault was reported.

To state a viable failure to protect claim, it must be alleged that the defendants were "on notice of a serious risk of harm" to the detainee and that the failure to act caused the plaintiff's injuries. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) (citing *Kemp*, 27 F.4th at 497).[3] Based on Mohamed's own allegations, it can't be inferred Officer Hawkins or Lt. Oliver were on notice—or could possibly have appreciated the risk Mohamed was facing by Inmate Keller—prior to the incident on May 5, 2024. *See*

---

[2] The fact that Lt. Oliver was initially aggressive and called Mohamed a liar during the investigation may have been unprofessional, but it doesn't state a constitutional claim.

[3] "Put another way, it must be plausibly alleged that a reasonable officer in a defendant's circumstances would have appreciated the high degree of risk the detainee was facing." *Thomas*, 39 F.4th at 841 (citing *Kemp*, 27 F.4th at 497).

5

*Thomas*, 39 F. 4th at 842 (defendants were not "on notice of the risk posed by the particular inmate who ultimately assaulted [the plaintiff]" because the first threat made by the inmate occurred after his interaction with the guards had ended); *Kemp*, 27 F.4th at 497 (there was no evidence the defendants "should have been on notice of a substantial risk to [plaintiff's] safety" because plaintiff never reported the threats prior to the attack); *Echols v. Johnson*, 105 F.4th 973, 980 (7th Cir. 2024), *reh'g denied*, No. 22-3230, 2024 WL 3992502 (7th Cir. Aug. 29, 2024) (finding there was no evidence to suggest the defendants "should have been on notice of an imminent violent altercation" between two detainees); *see also Atkins*, 631 F.3d at 832 and *McCready*, 453 F.3d at 888 (plaintiff can plead himself out of court if he pleads facts that preclude relief). These claims will be dismissed.

Finally, to the extent Mohamed is attempting to assert violations PREA or some other prison policy in the handling of the alleged sexual assault and subsequent investigation, those allegations cannot form the basis for a claim under 42 U.S.C. § 1983. *Winners v. Hyatt*, No. 3:20-CV-1035-JD-MGG, 2021 WL 1165140, at *2 (N.D. Ind. Mar. 25, 2021) (PREA does not create a private right of action). Similarly, prison staff's failure to follow internal policies pertaining to PREA does not state a claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations"). Mohamed has not stated a claim on this ground either.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

6

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint fails to state any claims for which relief can be granted.

SO ORDERED on September 25, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT